09-2927-cr
United States v. March

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-eighth day of June, two thousand and ten.

PRESENT:

RALPH K. WINTER,
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
      *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

      *Appellee,*

     -v.-                                 No. 09-2927-cr

FREDERICK MARCH, also known as Frederick Morris Gordon, also known as Winston March,

      *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Lee Ginsberg, Freeman Nooter & Ginsberg, New York, NY. |
| **FOR APPELLEE:** | Alexander A. Solomon, Assistant United States Attorney (Benton J. Campbell, United States Attorney, Emily Berger, Assistant United States Attorney, *of counsel*), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY. |

Appeal from a July 7, 2009 judgment of the United States District Court for the Eastern District of New York (Carol B. Amon, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED**.

Defendant-appellant Frederick March ("defendant" or "March") appeals from a judgment of conviction entered on July 7, 2009, after pleading guilty to conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846(a)(1) and 841(b)(1)(A)(ii)(II), possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii)(II) and bail jumping, in violation of 18 U.S.C. §§ 3146(a)(1), (b)(1)(A)(I), and (b)(2). The District Court sentenced March principally to a 135-month term of imprisonment and five years of supervised release on the cocaine charges, and a thirty-six month term of imprisonment on the bail jumping charge, to run concurrently. We assume the parties' familiarity with the underlying facts and procedural history.

On appeal, defendant makes two arguments. First, he argues that the District Court "abused its discretion" in denying his motion to withdraw his guilty plea to the cocaine charges. Specifically, March contends that the District Court's conclusion that his plea was knowing and voluntary based on its determination that his former counsel's testimony was credible was clearly erroneous. Second, March argues that the District Court erred in rejecting his claim that his former counsel's ineffective assistance invalidated his guilty plea. Both claims are without merit.

We review a district court's decision to deny a motion to withdraw a plea for "abuse of discretion." *United States v. Doe*, 537 F.3d 204, 211 (2d Cir. 2008). "A district court abuses its discretion if it bases its ruling on a mistaken application of the law or a clearly erroneous finding of fact." *United States v. Arteca*, 411 F.3d 315, 320 (2d Cir. 2005) (quotation marks omitted). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Iodice*, 525 F.3d 179, 185 (2d Cir. 2008) (quotation marks omitted).

"Where a motion to withdraw a plea is premised on involuntariness, the defendant must raise a significant question about the voluntariness of the original plea." *Doe*, 537 F.3d at 211 (quotation marks omitted). On May 4, 2009, the District Court conducted a hearing as to the voluntariness of March's plea at which March's former counsel was the sole witness. The District Court concluded that the counsel's testimony was credible and that March had therefore failed to offer "a fair and just reason" to withdraw his plea. *See* Fed. R. Crim. P. 11(d)(2)(B) ("A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if the defendant can show a fair and just reason for requesting the withdrawal."). A district court's credibility determination is entitled to "particularly strong deference." *Iodice*, 525 F.3d at 185 (citation omitted). After an independent review of the record, we cannot say that the District Court, which benefitted from the direct testimony of the former counsel, "abused its discretion" in denying defendant's motion to withdraw his plea.

We review a district court's determination of a claim of ineffective assistance *de novo. See Arteca*, 411 F.3d at 320. To succeed on an ineffective assistance of counsel claim a defendant must show that "1) counsel's performance fell below an objective standard of reasonableness according to prevailing

2

professional norms, and 2) . . . that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citing *Strickland v. Washington*, 466 U.S. 668, 687-96 (1984)). Defendant must therefore show that there is a "reasonable probability" that but for counsel's errors, "he would not have [pleaded] guilty." *Id.* (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

March affirmed under oath the adequacy of his former counsel's representation, and stated that he was satisfied and had sufficient time to discuss the charges and his decision to plead guilty. "The fact that a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is not a sufficient reason to permit withdrawal of a plea." *Doe*, 537 F.3d at 212 (quotation marks omitted). We therefore conclude, for substantially the same reasons stated by the District Court, J.A. at 174-81 (Hr'g. Tr., May 8, 2009), that inadequate representation did not invalidate defendant's plea or provide a basis for which it might be withdrawn.

## <u>CONCLUSION</u>

We have considered each of defendant's arguments on appeal and find them to be without merit. For the reasons stated above, we AFFIRM the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court